UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI DIVISION)
www.flsd.uscourts.gov

GOOD MAN PRODUCTIONS, INC.,

       Plaintiff,

v.                                   Case No.: 14-CV-24559-FAM

JOHN DOE subscriber assigned IP
Address 174.48.78.110, et al,

       Defendants.
_____x

## AGREED MOTION TO VACATE DEFAULT AND DISMISS CASE

    JOSHUA KAUFMAN, ("Defendant"), by and through undersigned counsel, files this Agreed Motion to Vacate Default (Docket Entry 13), pursuant to Rule 55(c) of the Federal Rules of Civil Procedure ("Federal Rules"), and to dismiss the above-captioned lawsuit, and in support thereof, states as follows:

    1.    On or about December 2, 2014, the above-captioned lawsuit (this "Case") was commenced by Good Man Productions, Inc. ("Plaintiff") by the filing of a complaint (Docket Entry 1) against JOHN DOE subscriber assigned IP Address 174.48.78.110, et al.

    2.    On or about March 19, 2015, Plaintiff filed an Amended Complaint (Docket Entry 8) naming Joshua Kaufman as the defendant..

    3.    Thereafter, counsel for Plaintiff, and counsel for Defendant engaged in settlement negotiations, which resulted, in or around March 2014, in a settlement, resolving all claims that were, or could have been raised in the Case, and agreeing that the Case would be dismissed, with prejudice ("Settlement").

4. A Notice of Settlement was prepared in or around March 2015, but was never filed with the Court. A copy of the Notice of Settlement is annexed hereto as Exhibit "A".

5. On or about April 13, 2015, this Court entered an Order Directing Clerk to Enter Default (Docket Entry 12), and a default was entered by the Clerk on or about April 14, 2015 ("Clerk's Default" at Docket Entry 13).

6. The Settlement was subsequently memorialized in a formal settlement agreement entered into on or about June 8, 2015, and executed by the parties ("Copyright Settlement Agreement"). The Copyright Settlement Agreement is not being included as an exhibit to this motion because it contains a confidentiality clause.

7. Following execution of the Copyright Settlement Agreement, and compliance with the terms thereof, the parties realized that the aforementioned Clerk's Default had been entered against Defendant.

8. By this Agreed Motion, counsel for Plaintiff, and counsel for Defendant, request that this Court Vacate the Default entered against the Defendant, and Dismiss this Case, with Prejudice.

9. Federal Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause."

10. Courts have held that "good cause" is shown where: (a) the failure to timely respond to the complaint was not willful (b) the defaulting party acts promptly to vacate the default once counsel is obtained; (c) a meritorious defense is provided; and (d) and the opposing party will suffer no prejudice if the default is vacated." *USA Flea Market, LLC v. EVMC Real Estate Consultants, Inc.*, 248 Fed. Appx. 108, 111 (11th Cir. 2007).

11. Here, the test is satisfied, because Plaintiff and Defendant were engaged in negotiations that resulted in a Settlement, and there was no "willful" conduct. Clearly, because the parties have entered into the Copyright Settlement Agreement, which provides for, inter alia, the dismissal of the Case with prejudice, and because Plaintiff consents to the relief sought in this motion, there will be no prejudice to Plaintiff, and the Clerk's Default should be vacated, and the Case dismissed with prejudice, without the need for further proceedings before this Court.

**WHEREFORE,** it is respectfully requested that this Court entered an order vacating the Clerk's Default, and dismissing the Case, with prejudice, and granting such other, further, and different relief as this Court deems just, proper and equitable.

Respectfully submitted,

By: /s/ Richard Lubliner
RICHARD LUBLINER, ESQ.
FBN: 0047741
Greenstein and Associates, LLP
1655 Palm Beach Lakes Boulevard, Suite 800
West Palm Beach, Florida 33414
Telephone: (561) 227-9344
Facsimile: (561) 909-2114
Primary Email: rlubliner@greenstein-law.com
Secondary Email: cperales@greenstein-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ <i>Richard Lubliner</i><br>
Richard Lubliner